# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sixto Rolando Trinidad                 :

                                 :

         v.                :    No. 343 C.D. 2023

                                 :    Submitted: December 9, 2024

Commonwealth of Pennsylvania,   :

Department of Transportation,     :

                Appellant    :


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge (P.)
               HONORABLE MARY HANNAH LEAVITT, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION BY
PRESIDENT JUDGE COHN JUBELIRER      FILED: January 17, 2025

The Commonwealth of Pennsylvania, Department of Transportation (DOT), appeals from March 9, 2023 Orders of the Court of Common Pleas of Philadelphia County (common pleas), entering a nonsuit after Sixto Rolando Trinidad (Condemnee)[1] did not appear for jury selection and dismissing DOT's Motion *in Limine* as moot. DOT argues that by granting the nonsuit in its favor, common pleas effectively affirmed the Board of Viewers' (Board) award, which is what DOT sought the jury trial to review. It further argues common pleas should have, pursuant to the Motion *in Limine*, granted judgment in DOT's favor after Condemnee did not appear at the pretrial conference or file a list of witnesses and exhibits as directed. DOT asserts common pleas should have modified the Board's award to be consistent with DOT's uncontroverted evidence. Upon review, we reverse and remand.

---

[1] Condemnee also did not file a brief in this appeal. *See* 4/9/24 Order precluding Condemnee from filing a brief or participating in oral argument, if scheduled, based on noncompliance.

We previously set forth the facts of this matter in *Trinidad v. Department of Transportation*, 273 A.3d 85 (Pa. Cmwlth. 2022) (*Trinidad I*):

On February 19, 2019, DOT filed a Declaration of Taking under Section 302(a)(1) of the Eminent Domain Code, 26 Pa.C.S. § 302(a)(1), condemning a commercial property owned by Condemnee[][2] and located at 4226-4238 North 5th Street, Philadelphia, Pennsylvania (the Property). Condemnee[] used the Property for commercial purposes as a tire shop. Notice of the condemnation was served on Condemnee[] on March 27, 2019. Condemnee[] did not file preliminary objections to the Declaration of Taking but did file a Petition for Appointment of Viewers (Petition) to ascertain just compensation for the taking of the Property. Common pleas granted the Petition on September 11, 2019, and appointed a Board . . . .

On August 21, 2019, DOT filed a Petition to Deposit Estimated Just Compensation "to assure [DOT's] possession of the condemned property . . . under Section 307 of the Eminent Domain Code," 26 Pa.C.S. § 307. . . . Common pleas issued an order on September 12, 2019, permitting DOT to deposit the estimated amount of just compensation and prorated taxes, totaling $151,867.67, into an interest-bearing account. Condemnee[] then filed a Petition to Release the Estimated Just Compensation, which common pleas granted on December 19, 2019, ordering the release of the $151,867.67 directly to Condemnee[]. While preparing for the Board hearing, DOT obtained an updated appraisal, which resulted in an increased appraised value of $194,000 for the Property. As such, DOT issued Condemnee[] a check for $42,132.33, the difference between the updated appraised value and the original value of $151,867.67.

On August 24, 2020, DOT filed the Motion [for Writ of Possession (Motion)] with common pleas, asserting that, despite not filing preliminary objections and the payment and release of the estimated just compensation, Condemnee[] had not vacated the Property. DOT sought, pursuant to Section 307(a) of the Eminent Domain Code, for common pleas to quiet title and issue a writ of possession against Condemnee[]. Condemnee[] filed a response opposing the Motion, arguing DOT had not fully compensated [Condemnee] for the

---

[2] In *Trinidad I*, Condemnee and Raquel Correa Garcia, his wife, were parties to the action. From a review of the record, DOT initiated this action in common pleas against only Condemnee.

condemnation of the Property and that [Condemnee was] waiting for the Board's decision before vacating. While the Motion was pending, on August 17, 2020, the Board held a hearing on the matter, later determining in its subsequent October 5, 2020 report that damages amounted to $230,000. DOT then appealed the Board's decision.

Common pleas entered the [o]rder dismissing the Motion without prejudice on November 2, 2020. . . . DOT filed a Motion for Reconsideration, which common pleas denied. DOT appealed to this Court.[]

*Trinidad I*, 273 A.3d at 88-89 (internal citations and footnote omitted). We ultimately reversed and remanded the matter with direction for common pleas to issue a Writ of Possession. *Id.* at 95. Common pleas stayed the Writ of Possession once upon Condemnee's request and denied a second stay request. (Reproduced Record (R.R.) at 60a, 63a-64a, 75a.)

Related to DOT's appeal of the Board's award, common pleas issued an order on December 20, 2022, scheduling a pretrial conference and directing the parties to file pretrial memorandum, identifying, among other things, witnesses and exhibits each party intended to present at trial. (*Id.* at 76a-77a.)[3] Condemnee did not attend the pretrial conference and, from a review of the docket, did not file the pretrial memorandum. Notwithstanding, common pleas scheduled jury selection for March 9, 2023, with trial to commence March 13, 2023. (*Id.* at 78a.)

In the meantime, DOT filed the Motion *in Limine* seeking to preclude Condemnee from presenting any evidence or witnesses at trial based on his failure to comply with common pleas' order directing a pretrial memorandum. (*Id.* at 83a.)

---

[3] From a review of the original record, it appears a non-jury trial was scheduled for December 19, 2022, following which judgment of *non pros* was entered, but vacated on December 20, 2022, the same day the pretrial order was issued related to the jury trial. (Original Record Items 18-19.)

DOT also requested judgment be entered in its favor with damages in the amount of $194,000, the amount it previously paid Condemnee. (*Id.* at 83a-85a.)

At jury selection, DOT appeared but Condemnee was again absent. (*Id.* at 86a.) Consequently, since Condemnee was the plaintiff in the action and did not appear, common pleas dismissed the appeal as a nonsuit. (*Id.*) It also denied the Motion *in Limine* as moot, given the case's dismissal. (*Id.* at 88a.) On March 20, 2023, DOT filed a motion to vacate common pleas' Order entering the nonsuit asserting the same errors it does on appeal to this Court. (*Id.* at 91a-93a.) When common pleas did not act on the motion to vacate, DOT filed a timely Notice of Appeal on April 6, 2023. (*Id.* at 94a.) On May 22, 2023, common pleas denied the motion to vacate, explaining that the instant appeal deprived it of jurisdiction to entertain the motion to vacate. (*Id.* at 97a.)

At the direction of common pleas, DOT filed a concise statement of errors complained of on appeal. In its opinion issued pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 1925(a) (Rule 1925 Opinion (Op.)), common pleas explained the procedural history of the case and the confusion that arose involving the parties' respective designations. Given the "confusion," common pleas requested that we remand the matter for it to consider DOT's motion to vacate the nonsuit. (Rule 1925 Op. at 4, R.R. at 103a.)

On appeal, DOT argues common pleas' dismissal after Condemnee's failure to appear effectively deprived DOT of the *de novo* trial to which it was entitled under Section 516(a)(1) of the Eminent Domain Code, 26 Pa.C.S. § 516(a)(1). According to DOT, common pleas effectively reinstated the Board's award. DOT also argues common pleas erred by not granting its Motion *in Limine* and entering judgment in DOT's favor, given Condemnee's failure to comply with common pleas' pretrial

4

order and Rules 212.1, 212.2, and 212.4 of the Pennsylvania Rules of Civil Procedure, Pa.R.Civ.P. 212.1, 212.2, and 212.4. DOT asserts since it was the only party to comply with the pretrial order by submitting a pretrial memorandum identifying witnesses and exhibits, its evidence is uncontradicted. Accordingly, DOT contends common pleas should have modified the Board's award to DOT's fair market value assessment and, consistent with Section 713(b)(2) of the Eminent Domain Code, 26 Pa.C.S. § 713(b)(2), excluded any delay damages since Condemnee maintained possession for years after payment was made. DOT asks the Court to reverse common pleas' Order entering nonsuit, direct common pleas to grant its request for judgment in its favor or, alternatively, require common pleas to accept DOT's evidence and grant DOT's Motion *in Limine*, and deny the award of any delay damages.

Upon review of the record, and in light of the "confusion" noted by common pleas, (Rule 1925(a) Op. at 4), we agree with DOT that the entry of the nonsuit effectively affirmed the Board's award, which is the very decision DOT sought review of through its request for a jury trial. Therefore, we reverse common pleas' entry of nonsuit and its Order denying DOT's Motion *in Limine* as moot. We remand for further proceedings related to DOT's appeal of the Board's award.[4]

**RENÉE COHN JUBELIRER,** President Judge

---

[4] DOT requests that the Court direct common pleas to grant its request for judgment in its favor or, alternatively, require common pleas to accept DOT's evidence and grant DOT's Motion *in Limine*, and deny the award of any delay damages. Because the sanction for noncompliance with an order directing a pretrial memorandum requires a finding of unfair prejudice, Pa.R.Civ.P. 212.2(c), a remand is necessary for common pleas to determine whether unfair prejudice exists and what relief may be appropriate. Upon remand, common pleas should also consider the merits of DOT's Motion *in Limine*.

5

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sixto Rolando Trinidad        :
                                  :
          v.             :    No. 343 C.D. 2023
                                  :
Commonwealth of Pennsylvania,   :
Department of Transportation,     :
                Appellant    :

## O R D E R

NOW, January 17, 2025, the Orders of the Court of Common Pleas of Philadelphia County, entered in the above-captioned matter, are **REVERSED**, and this matter is **REMANDED** for further proceedings consistent with the foregoing memorandum opinion.

Jurisdiction relinquished.

_____
**RENÉE COHN JUBELIRER,** President Judge